**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Chukwuma E. Azubuko</u>

    v.                                                               Civil No. 06-cv-267-PB

<u>Salvatore M. Giorlandino,</u>
<u>Assistant Massachusetts Attorney</u>
<u>General, et al.</u>

**REPORT AND RECOMMENDATION**

Before the Court is pro se and in forma pauperis plaintiff Chukwuma Azubuko's complaint asserting libel, slander, denial of access to the court and infliction of emotional distress claims. Azubuko names Salvatore Giorlandino, an Assistant Massachusetts Attorney General, Judge Margaret Hinkle, and the Suffolk Superior Court as defendants to this action. The matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B)(i). Because I find that it does not, I recommend that the action be dismissed.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to:

> (i) report and recommend to the court that the filing be dismissed because the allegation of poverty is untrue, the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); or
>
> (ii) grant the party leave to file an amended filing in accordance with the magistrate judge's directives; or
>
> (iii) pursuant to Fed. R. Civ. P. 4(c)(2), appoint a person to effect service.

LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed

v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

The allegations in the complaint are very vague and largely incomprehensible. Construing the complaint liberally, however, I have identified the assertions of plaintiff that are essential to my consideration of this matter.

Azubuko claims that his right to access the courts, and his right not to be defamed, have been violated by a member of the Massachusetts Attorney General's office, a Massachusetts State Court judge and a Superior Court of Massachusetts. Specifically, Azubuko objects to Giorlandino seeking an injunction against his

3

continued filing in the Suffolk County Superior Court which was granted and/or enforced by Judge Hinkle as denying him access to the courts.  Apparently, he challenges the allegations contained in the pleadings, orders or other court documents issued by defendants as defamatory and libelous.

Azubuko himself and all of the defendants to this action are located in Massachusetts.  Azubuko has not alleged any events relevant to his claim which occurred outside of Massachusetts.

## Discussion

1. Choice of Defendants

Azubuko has listed three defendants to this action: a state's attorney, a judge, and a state court.  None of these defendants are amenable to suit for the actions alleged in the complaint.

    A.  Judicial Immunity

Azubuko has sued Judge Margaret Hinkle.  However, judges are entitled to absolute judicial immunity for actions taken within the scope of their jurisdiction.  See Mireles v. Waco, 502 U.S. 9, 11 (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when

the judge is accused of acting maliciously and corruptly."). The judicial actions complained of by Azubuko, the making and enforcing of an order regarding court filings, are well within the scope of a judge's jurisdiction. Accordingly, Judge Hinkle is immune from suit and I recommend that she be dismissed from this action.

    B.    <u>Sovereign Immunity</u>

Claims against the Suffolk Superior Court, an entity of the Commonwealth of Massachusetts, are barred by the Eleventh Amendment's grant of sovereign immunity. <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam) (Eleventh Amendment generally recognized as a bar to suits against a State, its departments, and agencies, unless the State has consented to suit); <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth of Massachusetts' Eleventh Amendment immunity). Accordingly, I recommend that the Suffolk Superior Court be dismissed from this action.

Further, I find that Azubuko's allegations against Giorlandino are taken against him in his capacity as an agent of the Commonwealth of Massachusetts. I therefore find that the

Eleventh Amendment protects Giorlandino from suit and I recommend that the action be dismissed against him.

2. <u>Abusive Litigation Practices</u>

It is worth noting that the order in question in this case was issued to curb Azubuko's vexatious and abusive litigation practices.  Azubuko has been enjoined from filing civil actions in the United States District Court for the District of Massachusetts as a result of his vexatious filing practices there.  <u>Chukwu v. Registry of Motor Vehicles, et al.</u>, C.A. No. 95-11661-WGY, docket no. 13 (Order directing clerk not to accept for filing any further documents tendered pro se by plaintiff unless certain conditions were met) (D.Mass. Sept. 6, 1995).  That Order was reaffirmed in <u>Azubuko v. Commonwealth Auction Ass'n</u>, C.A. 03-10053-PBS, docket no. 3 (Memorandum and Order) (D.Mass. Dec. 17, 2003) and <u>Azubuko v. Suffolk Super. Ct., et al.</u>, C.A. No. 05-10609-RCL, docket no. 12 (Order for dismissal) (D. Mass. Apr. 6, 2006).  In an effort to circumvent the filing restrictions placed upon him by the United States District Court for the District of Massachusetts, Azubuko has filed actions in the Districts of Florida, Georgia, Louisiana, Delaware, Michigan,

and now this Court.[1]  These actions allege causes of action appropriately brought in the District of Massachusetts, which has personal jurisdiction over both the plaintiff and the defendants named by plaintiff.

A federal court may not sua sponte raise the issue of personal jurisdiction as the basis for dismissing a case, as personal jurisdiction is a waivable individual liberty right. McBee v. Delica Co., Ltd., 417 F.3d 107, 127 (1st Cir. 2005). Azubuko, as a law school graduate, is aware, however, that should the defendant in this case assert this Court's lack of personal jurisdiction as a defense, it would very likely be successful as there is no apparent basis upon which this Court could exercise personal jurisdiction over the defendant in this case absent the defendant's waiver.  Accordingly, I find that the only possible purpose Azubuko had in filing this matter in this Court was to attempt to evade the filing restrictions he would face in the District of Massachusetts.

---

[1] This case is one of four cases recently filed in this Court by Azubuko, all of which would more appropriately have been brought in the District of Massachusetts. See Azubuko v. Massachusetts Lawyers Weekly, Civ. No. 06-266 (filed July 19, 2006); Azubuko v. Coffey, et al., Civ. No. 06-323 (filed August 31, 2006); Azubuko v. United States Court of Appeals - Tenth Cir., Civ. No. 06-00333 (filed Sept. 7, 2006).

"Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Fam. Ct. of R.I., 985 F.2d 32, 34 (1st Cir. 1993). This power encompasses the Court's ability to enjoin a pro se party from filing frivolous and vexatious pleadings. See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005). Where a litigant has demonstrated a "propensity to file repeated suits . . . involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate. Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam) (abrogated on other grounds by Stevens v. Dep't of the Treasury, 500 U.S. 1 (1991)).

To this end, I have recommended, in a Report and Recommendation issued this date in Azubuko v. Mass. Lawyers Weekly, Civ. No. 06-266, that an injunction issue prohibiting Azubuko from filing further action in this Court without the prior approval of a judicial officer. This Court is mindful of the severity of issuing a broad injunction against a pro se plaintiff. See Castro, 775 F.2d at 410 ("[I]f an injunction against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of

access to the courts"); Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829 (1980).

## Conclusion

I recommend that this action be dismissed for failure to state a claim upon which relief might be granted.  See LR 4.3(d)(1)(B).  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth'd Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  November 9, 2006

cc:    Chukwuma Azubuko, pro se